**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL ANGEL MENDOZA-CALVILLO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70723 <br><br> Agency No. A075-666-175 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Miguel Angel Mendoza-Calvillo, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reconsider and to reopen removal proceedings.  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review de novo claims of constitutional violations.  *Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001).  We dismiss in part, and deny in part, the petition for review.

We lack jurisdiction to review the BIA's denial of Mendoza-Calvillo's motion to reconsider the BIA's discretionary hardship determination.  *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012 (order) ("[T]he BIA's denial of the motion to reconsider falls outside the court's jurisdiction because the court cannot reconsider the discretionary, fact-based determination that petitioners failed to demonstrate the requisite hardship.").  Mendoza-Calvillo's contentions that the BIA's decision was inadequate and legally incorrect, and that the BIA should have reopened his case are not sufficiently colorable legal or constitutional claims to establish our jurisdiction.  *See Mendez-Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context . . . , the claim must have some possible validity." (internal quotation marks and citation omitted)).

We also lack jurisdiction to review Mendoza-Calvillo's challenge to the underlying orders denying his application for cancellation of removal because the petition for review is not timely as to those orders.  *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir. 2003).

2

We lack jurisdiction to consider Mendoza-Calvillo's request for prosecutorial discretion. *See Vilchiz-Soto,* 688 F.3d at 644.

Mendoza-Calvillo's claim that the denial of cancellation of removal violated the due process rights of his United States citizen son is foreclosed by *De Mercado v. Mukasey*, 566 F.3d 810, 816 n.5 (9th Cir. 2009).

Finally, the BIA sufficiently addressed Mendoza-Calvillo's request to reopen his proceedings. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA need only "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (internal quotations omitted)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**